[727 NYS2d 619]

In the Matter of BRUNO M. BLANCKAERT (Admitted as BRUNO BLANCKAERT), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 21, 2001

**APPEARANCES OF COUNSEL**

*Eileen J. Shields* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Bruno M. Blanckaert was admitted to the practice of law in the State of New York by the First Judicial

Department on May 23, 1988, as Bruno Blanckaert. Respondent is a Belgian lawyer who, at the time of his misconduct, was practicing in an American law firm in Brussels, Belgium. The firm brought this matter to the attention of the Departmental Disciplinary Committee (the Committee).

Respondent submits his resignation pursuant to 22 NYCRR 603.11. Respondent acknowledges that there is an investigation pending into allegations that he is guilty of professional misconduct, to wit, that in 1998 and early 1999, respondent received approximately $2 million in client funds which he deposited into his personal bank account and which he used for personal purposes, and that he submitted fraudulent documents to conceal the use of these monies. Respondent further notes that there is presently pending in Belgium a criminal investigation on this matter, although he has already been cleared of other, unrelated charges. Respondent resigned from the Brussels Bar as of June 26, 2000.

The Committee moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation and striking his name from the roll of attorneys, effective as of the date of his resignation, April 17, 2001. A review of respondent's affidavit confirms that it fully complies with the requirements set forth in Rules of this Court (22 NYCRR) § 603.11. Respondent acknowledges that: he is the subject of a pending disciplinary proceeding involving allegations that he has been guilty of misconduct; his resignation is freely and voluntarily rendered without coercion or duress, and submitted with a full awareness of its implications; and that he cannot successfully defend himself on the merits against any formal charges which would be filed against him by the Committee.

Accordingly, the Committee's motion should be granted, respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective April 17, 2001 nunc pro tunc.

ROSENBERGER, J. P., WILLIAMS, TOM, ANDRIAS and MARLOW, JJ., concur.

Respondent's resignation accepted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 17, 2001.